IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LAWRENCE ROEDEL,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | CV 14–160–M–DLC<br><br>ORDER |

**FILED**
JUN 1 1 2014
Clerk, U.S District Court
District Of Montana
Missoula

Petitioner Lawrence Roedel filed this action on May 16, 2014, seeking a writ of error coram nobis. Roedel is a state prisoner proceeding pre se.

On May 20, 2014, United States Magistrate Judge Jeremiah C. Lynch issued his Findings and Recommendation, in which he recommended the Court dismiss the petition for lack of jurisdiction. (Doc. 3.) Roedel did not timely object to the Findings and Recommendation, and so has waived his right to de novo review. 28 U.S.C. § 636(b)(1). The Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v.*

1

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch found that because Roedel was not tried or convicted by this Court, coram nobis relief is not available, and the petition must be dismissed for lack of jurisdiction. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) ("the coram nobis writ allows a court to vacate its judgment for errors of fact"). Judge Lynch also determined that to the extent Roedel argues that his petition for a writ of habeas corpus should be reopened, such action is foreclosed because it would amount to a second petition that the Ninth Circuit has not authorized as required by 28 U.S.C. § 2244(b).

The Court agrees with Judge Lynch in all respects, and finds no clear error in his Findings and Recommendation.[1] Accordingly,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendation (Doc. 3) is ADOPTED IN FULL.

(2) The petition for writ of error coram nobis (Doc. 1) is DISMISSED for lack of jurisdiction.

---

[1] The Court notes a minor typographical error in Judge Lynch's Findings and Recommendation. Item "3" under the "Recommendation" section includes a reference to Fed. R. Civ. P. 24, when in fact Fed. R. App. P. 24 governs certification that an appeal would not be taken in good faith. The Court incorporates the proper standard into its order on that issue.

(3) The Clerk of Court is directed to enter judgment in favor of the Respondent and close this case.

(4) The Court CERTIFIES, pursuant to Fed. R. App. P. 24, that any appeal from its disposition would not be taken in good faith.

(5) A certificate of appealability is DENIED.

Dated this 11th day of June, 2014.

Dana L. Christensen, Chief Judge
United States District Court